**BLD-090**                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2992
_____

MATTHEW JONES,
                                                Appellant

v.

DELAWARE STATE POLICE; U.S. MARSHAL'S OFFICE;
THE ATTORNEY GENERAL'S OFFICE; THE CLERK'S OFFICE;
JUDGES OF THE U.S. DISTRICT COURT; WILMINGTON POLICE
_____

On Appeal from the United States District Court
for the District of Delaware
(D. Del. Civil Action No. 1:23-cv-01379)
District Judge:  Honorable Richard G. Andrews
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 27, 2025

Before: SHWARTZ, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: March 17, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Appellant and frequent pro se litigant Matthew Jones appeals from the District Court's order sua sponte dismissing his civil action without leave to amend. We will summarily affirm the opinion of the District Court.

In December 2023, Jones, proceeding pro se and in forma pauperis, initiated a civil action against various defendants asserting negligence and violations of 42 U.S.C. § 1983, the Eighth and Fourteenth Amendments, the Federal Tort Claims Act, Delaware tort law, and various federal criminal statutes. Jones alleged, inter alia, that between 1998 and 2001, he was repeatedly sexually assaulted and tortured by unnamed law enforcement officers and others across multiple states, including Delaware. He alleged that he suffered physical harm, including internal bleeding, broken bones, and repeated death. Jones claimed that he was resurrected from the dead each time through the conversion of a 250-year-old tree and its surrounding plants into medicine. He sought damages in the amount of $250 million.

The District Court, screening Jones' filings pursuant to 28 U.SC. § 1915(e)(2)(B), dismissed the action as frivolous, concluding that Jones' factual allegations were fantastical or delusional. Noting that Jones had been filing complaints alleging sexual assault by police officers and others since at least 2017, the District Court determined that amendment would be futile and dismissed the action with prejudice. It also denied Jones' motion for default judgment. Jones appeals.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of the sua sponte dismissal of a complaint under § 1915(e), see Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020), and may summarily affirm if the appeal fails to present a substantial question, see 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

This appeal fails to present a substantial question. District Courts are required to dismiss in forma pauperis complaints that are frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i). In determining whether complaints are frivolous, District Courts can and should reject factual allegations that are "fanciful," "fantastic," or "delusional," and that "rise to the level of the irrational or the wholly incredible." Denton v. Hernandez, 504 U.S. 25, 33 (1992) (citing Neitzke v. Williams, 490 U.S. 319, 325, 328 (1989)).

We agree with the District Court's determination that Jones' claims, and the relief sought, were based on a fantastic and delusional factual scenario, and that the action was frivolous within the meaning of § 1915(e)(2)(B)(i). Moreover, while generally a plaintiff should be granted leave to cure the deficiencies of a complaint subject to dismissal, we agree with the District Court's determination that such allowance would have been futile in this case. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

For the above reasons, we will summarily affirm the decision of the District Court.